UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERALD EUGENE WILSON, III,

      Petitioner,

v.                                                                                  Case No. 3:25-cv-490-MMH-SJH

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.

_____

## <u>ORDER</u>

This cause is before the Court on consideration of the "Motion for Extension of Time" (Habeas Motion; Doc. 1) and "Motion for Extension of Time" (Initial Brief Motion; Doc. 2) filed by Petitioner Gerald Eugene Wilson, III, an inmate of the Florida penal system. Both motions request a sixty-day extension to file a habeas petition and initial brief, respectively. <u>See generally</u> Docs. 1; 2.

The Habeas Motion was docketed by the Clerk as a habeas corpus petition, and the matter is now before the Court on initial review. Upon review of the pleading, it appears that the Habeas Motion was not intended to be a petition under section 2254 but is instead to be a motion seeking a sixty-day extension of time to file a timely habeas petition. <u>Id.</u> at 1–2. However, because

no habeas petition has been filed, there is no active case or controversy, and the Court lacks jurisdiction to address such a motion.

The Court recognizes that ordinarily it should accept "defective" petitions and have a petitioner correct the deficiencies. But, here, Wilson has not filed a defective petition, he has intentionally and unmistakenly filed a motion for extension of time to file a petition. Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 (Habeas Rule(s)) lists specific requirements for federal habeas petitions, including requirements that the petition specify the grounds for relief, facts supporting each ground, and the relief requested. Moreover, Habeas Rule 2(d) requires that petitions under § 2254 substantially follow standard forms. Here, Wilson's filing does not substantially follow the standard form approved for use in the Middle District of Florida and does not include any of the required information required for a § 2254 petition. Instead, Wilson simply requests a sixty-day extension of time to file a habeas petition.

The Court is without jurisdiction to grant Wilson the relief he seeks. See Osborn v. Sec'y, Dep't of Corr., No. 2:23-cv-290-JES-NPM, 2023 WL 3394161, *2 (M.D. Fla. Apr. 25, 2023); Sisneros v. Biter, No. CV 12-0756-PA MLG, 2012 WL 395758, at *1 (C.D. Cal. Feb. 6, 2012) ("The Court simply does not have jurisdiction to extend the time for filing or give an advisory opinion as to the timeliness of a [§ 2254] petition."); United States v. Leon, 203 F.3d 162, 164

(2d Cir. 2000) ("Here, because Leon has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory."); Swichkow v. United States, 565 F. App'x 840, 844 (11th Cir. 2014) (citing Leon to hold a petitioner could not request extension of time without "a formal request for habeas relief"); United States v. Hernandez, 431 F. App'x 813, 814 (11th Cir. 2011) (finding a request to equitably toll the one-year limitation period premature when the petitioner had not yet filed a habeas petition); Jones v. Texas, No. 3:08-CV-2204-B, 2008 WL 5264874, *1 (N.D. Tex. Dec. 16, 2008) ("[T]he Court has no authority to extend the one-year period [under § 2254] prior to the filing of such a petition. After the filing of such a petition, the Court may statutorily toll the limitations period consistent with the circumstances set forth in §2244(d)(2) and may equitably told the limitations period under appropriate circumstances . . . .").[1] Accordingly, as the Court has no authority to grant the relief requested, the Habeas Motion must be denied without prejudice to

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). Similarly, the Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Wilson filing a 28 U.S.C. § 2254 petition on the standard form approved for use in the Middle District of Florida. Should Wilson decide to file a habeas petition, he should not use this case number on his habeas petition because this case will be closed.

It is unclear what relief Wilson seeks in his Initial Brief Motion. While Wilson cites Florida Rule of Appellate Procedure 9.300(a), that rule applies to state appellate motions, not motions filed in federal court. To the extent he seeks an extension of time to file a state motion or brief, the Court will not interfere with state proceedings. If he is requesting an extension of time to file a brief alongside the habeas petition for which he is also requesting an extension to file, the Court denies the motion for the reasons stated above.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Habeas Motion (Doc. 1) and the Initial Brief Motion (Doc. 2) are **DENIED**; and this action is **DISMISSED WITHOUT PREJUDICE**.[2]

2.    The Clerk of the Court is **directed** to send Wilson a blank petition for challenges under 28 U.S.C. § 2254 and an application to proceed in forma pauperis (prisoner filings) form.

---

[2] A dismissal for lack of subject matter jurisdiction is not a "final order in a habeas corpus proceeding" within the meaning of 28 U.S.C. § 2253, and no certificate of appealability is required for appellate review of this order. See Hubbard v. Campbell, 379 F. 3d 1245, 1247 (11th Cir. 2004).

3.      The Clerk of the Court shall enter judgment denying the Motions and dismissing this case without prejudice.

4.      The Clerk of the Court is **directed** to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of July, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

JaxP-12
c:      Gerald Eugene Wilson, III, #M50710

5